**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 04-20008 |
| ) | |
| **ANTHONY JORDAN,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## OPINION

This matter is currently before the court on Defendant Jordan's Motion to Withdraw Guilty Plea (#36). This court held an evidentiary hearing in this matter on November 17, 2005, which was concluded on December 1, 2005. Following the hearing, Defendant filed a Brief and Argument in Support of Motion to Withdraw Guilty Plea (#54). The Government has filed a Response (#55), and Defendant has filed a Reply (#56). For the reasons that follow, the Motion to Withdraw Guilty Plea is DENIED.

### BACKGROUND

On February 5, 2004, Defendant was charged by indictment with distribution of more than five grams of a mixture and substance containing cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). A written plea agreement was filed in this matter on May 12, 2004, and a change of plea hearing was set for June 3, 2004. At the change of plea hearing, this court held an extensive colloquy with Defendant Jordan pursuant to Rule 11 of the Federal Rules of Criminal

Procedure. At the conclusion of the hearing, this court accepted Defendant Jordan's plea of guilty after finding it was knowingly and voluntarily made. Defendant Jordan's sentencing was then set for September 10, 2004. Jordan's sentencing was continued a number of times because this court was awaiting a ruling from the United States Supreme Court in the case of United States v. Booker, 543 U.S. 220 (2005).

On April 20, 2005, Defendant Jordan's counsel at the time, Tiffani Johnson, filed an affidavit with the court asserting her ineffectiveness as counsel. Specifically, Attorney Johnson indicated she "erroneously believed that the terms 'cocaine base' and 'crack cocaine' were synonymous." Attorney Johnson made this realization after reviewing the decision of the Seventh Circuit Court of Appeals in the case of United States v. Edwards, 397 F.3d 570 (7th Cir. 2005). As a result, Johnson asserted she should not have advised Defendant that the Government had provided her evidence that the substance Defendant was charged with distributing was crack cocaine instead of cocaine base. Attorney Johnson also requested in her sentencing commentary that the court allow Defendant Jordan to challenge the nature of the drug he was charged with distributing, namely whether the substance was cocaine base or crack. Defendant Jordan asked in the alternative that he be allowed to withdraw his plea of guilty. On May 4, 2005, the Government moved to disqualify Attorney Johnson as counsel for Defendant Jordan. This court granted the motion and appointed Jon Gray Noll to represent him. On October 14, 2005, Defendant Jordan filed a Motion to Withdraw Guilty Plea (#36) and the Government filed its Response (#37) on October 28, 2005.

In his motion, Jordan argues that he should be allowed to withdraw his plea of guilty based upon: (1) mutual mistake of fact by Defendant Jordan and the Government because Defendant alleges the Government cannot chemically test for the presence of substances other than cocaine

base and thus cannot enter into an agreement setting forth the nature of a substance to be "crack"; (2) unilateral mistake of fact by the Defendant in that he did not know at the time of entry of his plea that there was a difference between cocaine base and crack; and (3) Defendant's original counsel in this matter, Attorney Johnson, was ineffective due to her erroneous belief that the terms cocaine base and crack cocaine were synonymous. This court held an evidentiary hearing on the motion which began on November 17, 2005, and was continued on December 1, 2005.

## ANALYSIS

"[A] defendant has no absolute right to withdraw a guilty plea." United States v. Schilling, 142 F.3d 388, 398 (7th Cir. 1998). The defendant bears the burden of demonstrating a fair and just reason for the withdrawal of a guilty plea. United States v. Logan, 244 F.3d 553, 557 (7th Cir. 2001); Fed. R. of Crim. P. 11(d)(2)(B). "When a defendant wishes to withdraw his plea after he states at a Rule 11 hearing that it was freely and knowingly given, he faces an uphill battle in persuading the judge that his purported reason for withdrawing his plea is fair and just." Schilling, 142 F.3d at 398.

Defendant first argues that because the Government did not provide a forensic test indicating the substance with which Defendant is charged with distributing was "crack" as opposed to cocaine base, there is a mutual mistake of fact requiring that Defendant's plea be set aside. Defendant further argues he should be allowed to withdraw his plea based upon unilateral mistake because he was not aware there was a difference between cocaine base and "crack."

Defendant's argument fails due to his admissions during the Rule 11 colloquy when Defendant entered his plea of guilty. "[W]hen the court is asked to reevaluate the defendant's intent at the time of the entry of a plea, that reviewing court's ultimate determination of the defendant's state of mind depends, in large part, on what the defendant said during the Rule 11 colloquy."

United States v. Standiford, 148 F.3d 864, 868 (7th Cir. 1998). Therefore, "the record that is created at a Rule 11 hearing is accorded a presumption of verity" and "[t]he district court is generally justified in discrediting the proffered reasons for the motion to withdraw and holding the defendant to his admissions at the Rule 11 hearing." Standiford, 148 F.3d at 868-69. Defendant Jordan indicated upon questioning from this court that he participated in the delivery of crack cocaine on January 23, 2003, in Champaign, Illinois. This court further asked of the Defendant: "You knew it was crack cocaine; you knew it was illegal to possess and deliver it?" and the Defendant responded, "Yes, sir." This court will hold Defendant Jordan to these admissions.

Secondly, Defendant's testimony during the hearing on his motion to withdraw guilty plea belies his claim that the substance he distributed was not "crack." Defendant testified he started selling drugs in 1988 or 1989 when he was 11 or 12 years of age. Defendant indicated he continued to sell drugs throughout the 1990's except during times when he was incarcerated. Defendant testified that he thought he was selling crack cocaine during that time period. Defendant further indicated he had cooked crack in the past. "[T]hose who smoke, buy, or sell this stuff are the real experts on what is crack." United States v. Bradley, 165 F.3d 594, 596 (7th Cir. 1999). See also United States v. Cannon, 429 F.3d 1158, 1160 (7th Cir. 2005) (drug dealer "surely knew whether his own inventory was 'crack,'" even if he "may not have appreciated that there are varieties of cocaine base other than crack."). Thus, it is apparent that, based upon his years of experience as a drug dealer, Defendant possessed a knowledge as to the nature of crack cocaine.

Defendant's ineffective assistance of counsel argument is also without merit. As concerns a claim for ineffective assistance of counsel on a motion to withdraw guilty plea, the Defendant must demonstrate the twin prongs of inadequate performance and prejudice as set forth in Strickland v.

Washington, 466 U.S. 668, 688 (1984). With regard to inadequate performance, the defendant's counsel must: (1) learn all the facts of the case and make an estimate of the likely sentence; (2) communicate the results of her investigation to the defendant; and (3) undertake her scrutiny in good faith. United States v. Gwiazdzinski, 141 F.3d 784, 790 (7th Cir. 1998). With respect to prejudice, the defendant must show that he would not have pleaded guilty had his attorney given him accurate advice. Wanatee v. Ault, 259 F.3d 700, 703-04 (7th Cir. 2001).

Defendant Jordan cannot establish the prejudice prong of his ineffective assistance claim. Because Defendant is classified as a career offender, his criminal history category is VI regardless of whether the substance is classified as crack cocaine or cocaine base. The base offense level would be 34 if the substance is crack, while the base offense level would be 32 if it is categorized as cocaine base. Because Defendant Jordan would lose a reduction of three offense levels for acceptance of responsibility if he decided to proceed to trial on the issue of whether the substance was crack cocaine or some other form of cocaine base, it would not make logical sense to lose three levels to gain two.

Finally, this court can consider prejudice to the Government in ruling on a motion to withdraw guilty plea. See United States v. Fountain, 777 F.2d 351, 358 n. 2 (7th Cir. 1985). In the instant case, Defendant was charged based upon a controlled purchase by a confidential source, Andre Warren. Warren has since died in a federal prison and is thus no longer available as a witness in this case. Thus, it is apparent the Government would be significantly prejudiced if Defendant was allowed to withdraw his guilty plea.

"A guilty plea . . . is not a road-show tryout, and [this court] will not degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess" United States v.

Underwood, 174 F.3d 850, 854 (7th Cir. 1999).  Furthermore, "if people are allowed to withdraw pleas for reasons as slim as those advanced here, then the process of accepting guilty pleas would simply be a means of continuing the trial to some indefinite date in the future when the defendant might see fit to come in and make a motion to withdraw his plea." United States v. Suter, 755 F.2d 523, 527 (7th Cir. 1985). Accordingly, Defendant's Jordan's Motion to Withdraw Guilty Plea is DENIED.

IT IS THEREFORE ORDERED:

(1)  Defendant's Motion to Withdraw Guilty Plea (#36) is DENIED.

(2) This case remains set for a status conference on March 15, 2006, at 1:30 p.m.

ENTERED this 13th day of March, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE